## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROGER WILLIAM WHITACRE,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
SF-0752-22-0199-M-2

DATE: April 17, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Dustin P. Cantwell, Esquire, and D.N. Brady, Esquire, San Diego, California, for the appellant.

Jeffrey Gott, Esquire, and Julianne Surane, Esquire, Port Hueneme, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the remand initial decision, which sustained his removal for failure to meet a condition of employment. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the remand initial decision, and REMAND the appeal to the agency for it to apply its security adjudication procedures.

## BACKGROUND

The following facts are undisputed. The appellant was a GS-12 Logistics Management Specialist for the agency. *Whitacre v. Department of the Navy*, MSPB Docket No. SF-0752-22-0199-I-1, Initial Appeal File (IAF), Tab 15 at 4, Tab 17 at 5. This is a noncritical sensitive position, meaning that, as a condition of employment, the incumbent is required to maintain eligibility to access classified information. IAF, Tab 8 at 38, Tab 23-9, Hearing Transcript (HT) at 12 (testimony of the Deputy Technical Director).

On March 25, 2018, the appellant was detained by police from the city of Oxnard, California. IAF, Tab 15 at 5, Tab 17 at 5. On April 2, 2018, the agency suspended the appellant's access to classified information and assignment to a sensitive position, pending a final decision on his eligibility.[2] IAF, Tab 15 at 5, Tab 17 at 5. The security adjudication proceeded from June 2019 until April 29, 2021, when the agency issued its final decision revoking the appellant's access to classified information. IAF, Tab 7 at 45-46, Tab 15 at 5-6, Tab 17 at 6-8. The agency thereafter proposed the appellant's removal for failure to maintain a condition of employment, i.e., eligibility to access classified information. IAF, Tab 7 at 41-44. The deciding official sustained the charge and removed the appellant effective December 30, 2021. *Id.* at 33-37.

The appellant filed a Board appeal. IAF, Tab 1. After a hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 25, Initial Decision. The initial decision became the final decision of the Board by operation of law, and the appellant filed a petition for review with the U.S. Court of Appeals for the Federal Circuit. *Whitacre v. Department of the Navy*,

---

[2] The appellant was indefinitely suspended over this issue, but he did not appeal the indefinite suspension. IAF, Tab 15 at 5, Tab 17 at 6.

MSPB Docket No. SF-0752-22-0199-M-1, Remand File, Tab 1. The agency moved for a voluntary remand of the appeal to the Board to determine in the first instance whether the agency committed harmful error in revoking the appellant's access to classified information. *Id.* The court granted the agency's motion and remanded the appeal to the Board to reconsider its decision in light of the appellant's argument that "the Department of Defense Consolidated Adjudication Facility [(DoD CAF)] and the Personnel Security Appeals Board [(PSAB)] committed a harmful procedural error in revoking his security clearance eligibility without first allowing [the appellant] to provide new information." *Id.*

On remand, the appellant waived his right to a hearing, and after the close of the record, the administrative judge issued a remand initial decision again sustaining the removal. *Whitacre v. Department of the Navy*, MSPB Docket No. SF-0752-22-0199-M-2, Remand File (M-2 RF), Tab 27, Remand Initial Decision (RID). The administrative judge found that the agency committed procedural error, but that the appellant had failed to show that the error was harmful, i.e., that it more likely than not affected the agency's decision on the appellant's eligibility to access classified information. RID at 25-30. The administrative judge otherwise adopted his findings from the previous initial decision. RID at 2, 25.

The appellant has filed a petition for review, chiefly disputing the administrative judge's harmful error analysis. *Whitacre v. Department of the Navy*, MSPB Docket No. SF-0752-22-0199-M-2, Petition for Review (PFR) File, Tab 2. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4, 9.

## ANALYSIS

In an appeal of an adverse action based on the loss of access to classified information, the Board will generally only review whether: (1) the employee's position required eligibility to access classified information; (2) such eligibility

was denied, revoked, or suspended; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513. *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000); *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015). The Board may also entertain the challenges to the procedural validity of the security determination. *Romero v. Department of Defense*, 527 F.3d 1324, 1329-30 (Fed. Cir. 2008); *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 32 (2012). However, in no case may the Board review the substance of the underlying security determination. *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988).

For the reasons explained in the remand initial decision, we agree with the administrative judge that the agency proved its charge: the appellant's position required eligibility to access classified information, and that eligibility had been revoked. RID at 32-33. These facts are undisputed, and the appellant does not contest the matter on review.

We also agree with the administrative judge that the appellant has not shown that the agency violated any sort of policy by not reassigning him in lieu of removal. RID at 30-31. The Board will review the feasibility of reassignment to a nonsensitive position if that substantive right is available from some other source, such as a statute or regulation. *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989). Absent that, however, the Board has no authority to inquire into the feasibility of reassignment to an alternative position. *Id.*

In this case, the administrative judge found that the agency had previously reassigned some employees who lost their eligibility to occupy a sensitive position, but this was done on an ad hoc basis and not pursuant to any sort of law, rule, or regulation. RID at 31. Therefore, the agency's failure to undertake similar efforts for the appellant is not subject to Board review. *Id.* On petition for review, the appellant argues that, even if the agency does not have a written policy that requires it to consider reassignment in lieu of removal, it does have a practice of doing so. PFR File, Tab 2 at 19-20, 28-30. However, even if a "practice" might in certain

conditions be tantamount to a "policy," those conditions are not met here. The appellant does not dispute the administrative judge's finding that, even though there are "scattered exceptions throughout the agency," the majority of individuals who lose eligibility to occupy sensitive positions are not retained. RID at 31. An exception can in no way be considered a "policy." Accordingly, we find no law, rule, regulation, or policy that obligated the agency to consider placing the appellant in another position in lieu of removal.

The appellant has raised numerous other claims of harmful error on review, some apparently for the first time.[3] PFR File, Tab 1. To prove that the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), the appellant must show both that the agency committed procedural error and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). An appellant must prove that any procedural errors by the agency prejudiced his substantive rights by possibly affecting the agency's decision; harmful error cannot be presumed. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991). We have reviewed each of the appellant's arguments individually, but we find that they all boil down to essentially the same thing—that the PSAB should have, but failed, to consider certain evidence that the appellant offered prior to issuing its final decision. *Id.* at 14-19, 22-28. That is the central issue in this appeal.

As set forth in the remand initial decision, the agency's Personnel Security Program operates as follows: When the local Security Management Office receives information that may affect an individual's eligibility to access classified information or perform sensitive duties, it notifies the commanding officer. RID at 6-7. Based on this information, the commanding officer determines whether to suspend or limit the individual's access to classified information or assignment to

---

[3] To the extent that the appellant is attempting to raise new theories of harmful error on review, the Board's regulations do not permit this. 5 C.F.R. § 1201.115(d); *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).

sensitive duties. RID at 7. If the commanding officer suspends or limits such access, the case is referred to DoD CAF. DoD CAF will then remove eligibility, and the command cannot reinstate access until DoD CAF adjudicates the issues and makes a favorable determination. *Id.* If DoD CAF makes an unfavorable determination, the individual may appeal that decision to the agency's PSAB.[4] RID at 9.

PSAB is a three-member board that considers and votes on such appeals. RID at 13. PSAB convenes to deliberate and vote on each case in light of any information that the subject individual provides before the board convenes. RID at 13-14. After the members vote, the PSAB President will sign the decision, and the staff will upload it to the Defense Information System for Security (DISS). RID at 13.

In this case, the appellant contends that he did not commit any criminal misconduct but rather was detained by police due to a swatting incident in which a roommate of his called the Oxnard Police Department and made false allegations against him. M-2 RF, Tab 19 at 5, 20. However, on advice of counsel, the appellant did not provide these details to either the agency or DoD CAF. HT at 92 (testimony of the appellant). On September 9, 2020, DoD CAF issued a decision to revoke the appellant's eligibility to access classified information and assignment to sensitive duties. IAF, Tab 7 at 56-58. DoD CAF informed the appellant of his right to appeal the decision to PSAB. *Id.* at 57. On or about September 28, 2020, the appellant notified DoD CAF of his intention to appeal.[5] *Id.* at 55.

---

[4] DoD CAF was organized under the Department of Defense, outside the Department of the Navy, but the PSAB in this case is within the Department of the Navy. RID at 7. DoD CAF is now known as the Defense Counterintelligence and Security Agency (DCSA) Adjudication and Vetting Service. *See* DCSA, What is Adjudication And Vetting Services (AVS)?, https://www.dcsa.mil/Personnel-Vetting/Trust-Decision-Adjudications/About-Adjudication-and-Vetting-Services-AVS/ (last visited Apr. 17, 2026).

[5] Subject employees do not generally communicate directly with DoD CAF or PSAB. Rather, they communicate through the local Security Management Office as a liaison. HT at 59 (testimony of the Security Specialist). However, this step of the process is not

On October 19, 2020, the Ventura County District Attorney issued a letter summarizing the criminal complaint and stating, "This case was returned to Oxnard Police Department for further investigation and it has not been returned to our office. This office has until March 25, 2021 to file charged [sic] in this case." *Id.* at 54. The appellant provided the letter to PSAB. *Id.* at 53-54. PSAB requested that the appellant provide, no later than November 13, 2020, further information about his case. *Id.* at 51-52. The appellant responded that he had not been charged criminally, and that "[t]here is no standing in the matter. There is no story to tell." *Id.* at 48. On November 18, 2020, PSAB voted to uphold the revocation of the appellant's eligibility and assignment to sensitive duties. M-2 RF, Tab 11 at 49-56. On November 19, 2020, the PSAB President signed the letter documenting that decision, but due to technical difficulties, the decision was not uploaded to DISS, it was not issued to the appellant, and the case was not closed. M-2 RF, Tab 11 at 47-48, Tab 19 at 85-86.

March 25, 2021, came and went, and the Ventura County District Attorney did not file a criminal charge. HT at 89 (testimony of the appellant). Meanwhile, on March 17, 2021, the Oxnard Police Department issued a letter stating in relevant part that the appellant's purported March 25, 2018 arrest "has no longer been deemed an arrest but a '**Detention Only**.'" IAF, Tab 18 at 12. Then, on April 12, 2021, the Office of the District Attorney for Ventura County issued a letter stating that the appellant's criminal case "was rejected for filling [sic] on January 11, 2021, because of Insufficient Evidence to Prove Crime Occurred." *Id.* at 13.

On or about April 20, 2021, the appellant attempted to submit these letters to PSAB for consideration. IAF, Tab 19 at 282. PSAB stated that there was "[n]o need to submit the documents as the Board made a final decision last year." *Id.* The Security Specialist notified PSAB that the appellant had not received the November 2020 decision letter, so PSAB sent her a copy of it. *Id.* The Security

---

material to the harmful error issue, and so, for the sake of simplicity, we will elide the role of the intermediary in these communications.

Specialist noted that PSAB had gotten the appellant's name wrong on the decision, so on April 29, 2021, PSAB issued a "corrected letter" that "supersedes" the November 2020 letter. IAF, Tab 7 at 45-46, Tab 19 at 280-81; M-2 RF, Tab 11 at 47.

Based on these facts, the administrative judge found that PSAB committed procedural error when it refused to consider the documentary evidence that the appellant attempted to submit in April 2021. RID at 26-28. He found that "the agency's failure to issue an effective decision for nearly 5 months, coupled with its decision to supersede the earlier decision," meant that the appellant's case was not actually closed until April 29, 2021, and that PSAB committed a procedural error by not accepting additional documentation from the appellant before the case closed. RID at 28. Nevertheless, for various reasons, the administrative judge found that the appellant failed to prove that the error was harmful, i.e., "that it was more likely than not that the PSAB would have reached a different conclusion if it had accepted the evidence." RID at 28-30.

For the reasons explained in his thorough and well-reasoned remand initial decision, we agree with the administrative judge that the agency committed procedural error when PSAB declined to accept additional documentation from the appellant before his case was closed.[6] Nevertheless, we find that the administrative judge exceeded the Board's authority when he went an additional step and found that the error was not harmful. The harm component of the harmful error analysis would necessarily require the Board to review the substance of the agency's security decision, which the Board may not do. *See Egan*, 484 U.S. at 530-31. Without reviewing the substance of that decision, the Board cannot ultimately

---

[6] In its response to the petition for review, the agency still maintains that PSAB did not commit procedural error. PFR File, Tab 4 at 9-10, 15-19. However, a response to a petition for review is not the appropriate vehicle for arguing that an initial decision was incorrect. 5 C.F.R. § 1201.114(a)(1)-(2). Because the agency has not followed the Board's procedures for contesting the initial decision, we decline to consider its argument that it followed its own procedures for revoking the appellant's eligibility. *See* 5 C.F.R. § 1201.115.

determine whether the agency's compliance with its own procedures would have resulted in a decision to restore the appellant's eligibility to access classified information. *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 32 (2012). Having found that the agency committed procedural error in arriving at its security determination, the appropriate course of action is to remand the matter back to the agency to make a redetermination on the matter in the first instance. *Id.*, ¶ 33.

## ORDER

For the reasons discussed above, we vacate the initial decision and remand the appellant's removal to the agency to apply its internal procedures for PSAB review of a DoD CAF decision. The agency is ORDERED to initiate this review within 30 days of the Board's Order and to complete it within a reasonable period of time. The appellant is ORDERED to cooperate with this review.

The agency should promptly inform the appellant in writing when it has completed its review and describe the actions it took to do so. The appellant, if not notified, should ask the agency about its progress.

No later than 30 days after the agency informs the appellant that it has completed its review, the appellant may refile this appeal with the Board's Western Regional Office. The appellant may renew all issues raised in this appeal, and the administrative judge shall issue a new initial decision. Except for the remanded issue of harmful error, the administrative judge may incorporate by reference the findings in the November 21, 2024 remand initial decision and the findings in this Remand Order.

If the agency fails to complete its review within a reasonable period of time and the appellant is dissatisfied with the delay, the appellant must promptly notify the Board by filing a pleading with the Office of the Clerk of the Board using an approved method of service and referencing MSPB Docket No. SF-0752-22-0199-M-2. The Board may reopen this appeal based on the appellant's pleading or take other action as appropriate.

Finally, if, in carrying out the Board's order, the agency issues a new removal decision, the appellant may file a new appeal with the Board's Western Regional Office, as permitted under applicable law and regulations. Should he file such an appeal, the appellant also must notify the Clerk of the Board of the new action in a pleading filed with the Office of the Clerk of the Board using an approved method of service and referencing MSPB Docket No. SF-0752-22-0199-M-2.

FOR THE BOARD:    *Gina K. Grippando*
         _____
         Gina K. Grippando
         Clerk of the Board
Washington, D.C.